57 CCPA

**N. ERLANGER BLUMGART CO., Inc.,**
**Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5345.**

United States Court of Customs
and Patent Appeals.
July 9, 1970.

Siegel, Mandell & Davidson, New York City, attorneys of record, for appellant. Joshua M. Davidson, Allan H. Kamnitz, New York City, of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Bernard J. Babb, New York City, for the United States.

Before RICH, BALDWIN and LANE, Judges, and JONES, Senior Judge, United States Court of Claims, sitting by designation.

BALDWIN, Judge.

This is an appeal from the decision and judgment of the Customs Court, Second Division, in N. Erlanger Blumgart Co., Inc. v. United States, 64 Cust.Ct. 110, C.D. 3691 (1969), wherein that court overruled appellant's protest and held that the subject imported merchandise was properly classified. The subject merchandise consists of woven fabrics made from yarns which are composed of linen, nylon, and wool fibers, and was assessed with duty at the rate of 37.5 cents per pound, plus 60% ad valorem under item 336.50 of the Tariff Schedules of the United States (TSUS), as woven fabrics of wool.

Appellant claims that the imported fabrics are properly dutiable at the rate of 10% ad valorem under item 335.90 of the Tariff Schedules of the United States, as woven fabrics of "other" vegetable fibers (i. e., of linen).

The pertinent provisions of the tariff schedules are as follows:

> Woven fabrics, of wool:
>
> \*     \*     \*     \*     \*     \*     \*     \*     \*     \*
>
>> Other:
>>> Weighing not over 4 ounces per square yard
>>> with warp wholly of vegetable fibers:
>
> \*     \*     \*     \*     \*     \*     \*     \*     \*     \*
>
>>> Other:

Item
336.50    Valued not over $1.26⅔ per pound .....37.5¢ per lb.
plus 60% ad val.

> Woven fabrics, of vegetable fibers (except cotton):
>
>> Wholly of jute:
>
> \*     \*     \*     \*     \*     \*     \*     \*     \*     \*
>
>> Other:
>
> \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

Item
335.90    Weighing over 4 ounces per square yard ...10% ad val.

*General Headnotes and Rules of Interpretation*

9.    *Definitions.*    For the purposes of the schedules, unless the context otherwise requires—

(f) \*    \*    \* when used between the description of an article and a material,    \*    \*    \*

(i) "of" means that the article is wholly or in chief value of the named material.

10.    *General Interpretative Rules.*    For the purposes of these schedules—

(f) an article is in chief value of a material if such material exceeds in value each other single component material of the article.

———◆———

The case was submitted to the trial court on stipulation of record, part of which follows:

That the fabric involved herein is composed of a combination of linen, nylon and reprocessed wool fibers which are spun together to create a yarn composed of linen, nylon and wool.

That this combination single yarn is then woven into a fabric, weighing over 4 ounces per square yard.

That the percentage by weight and the value for each of the components prior to the point of spinning is as follows:

| Fiber | Percentage by weight | Value/lbs. in lires |
|---|---|---|
| linen | 20 per cent | 82.12 |
| nylon | 9 per cent | 9.36 |
| wool | 71 per cent | 57.98 |

That the cost of spinning the three materials into a yarn is 95.13 lires.

If the spinning costs should be added in determining the component material in chief value and are attributed to the components on the basis of per cent by weight, the fabric is in chief value of wool.

If the determination of component material is made prior to spinning, then said fabric is in chief value of linen.

If spinning costs are attributable to the materials on other than a weight basis, the component material in chief value would be linen.

The ultimate issue to be determined by this Court, as in the trial court, is whether the spinning cost to form the yarns from which the imported fabric was woven was properly included and allocated on a relative weight basis in determining the component material of chief value.

In overruling the protest, the trial court first decided, and we think correctly, that in determining the method by which chief value is to be found under the Tariff Schedules, the language and judicial interpretation of the earlier statutes must be considered. The court thereupon looked to prior case law and drew from it the following "rule":

[T]he proper method of determining component material of chief value is to ascertain the costs of the separate parts or component materials to the manufacturer at the time they are in such condition that nothing remains to be done to them except to combine them to make the completed articles. * * * At that stage their condition generally will be their condition as found in the article. * * * If they are not, the rule is not applicable.

Appellant appears not to contest this rule but rather only its application by the trial court. It is argued that, in the instant case, the imported fabric is manufactured from *three* component materials in *two* manufacturing steps, the first manufacturing step being where the three component materials, the fibers, are combined in a spinning operation, into a single yarn, and the second, of course, the weaving of the yarn into the imported fabric. Since nothing remains to be done to the fibers, as *materials*, at a point just prior to their being spun into yarn and since they do exist as and are recognized as fibers in the final imported article, it is urged that the chief value should have been ascertained at the point just prior to spinning.

We are persuaded, however, that the sounder view is that taken by the lower court—that the component materials of the instant imported fabrics are not the basic fibers which make up the yarn but rather the yarn itself. It follows that the spinning costs were properly considered in determining the chief value of the material making up the imported article and the judgment of the Customs Court is, therefore, affirmed.

Affirmed.